UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>MARCO URIBE,<br>Defendant. | 1:12-CR-10015-CBK<br>ORDER |

Defendant pleaded guilty to kidnapping and brandishing a firearm during the commission of a crime of violence. He was sentenced on August 12, 2013, to consecutive sentences of 131 months and 84 months. He is currently imprisoned at the Herlong Federal Correctional Institution in Herlong, California. The Bureau of Prisons ("BOP") has calculated his current release date as August 19, 2027. https://www.bop.gov/inmateloc/ visited February 13, 2025. Defendant has moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Pursuant to paragraph 5 of Standing Order 23-02, the Office of the Federal Public Defender appeared on defendant's behalf and filed a supplement. The government opposes the motion.

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion of the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i), United States v. Sims, 87 F.4th 917, 919 (8th Cir. 2023).

The Sentencing Reform Act also established the United States Sentencing Commission. 28 U.S.C. §§ 991, *et seq*. Effective November 1, 2006, the Sentencing Commission adopted Guideline §1B1.13(a), the policy statement on reduction of a term of imprisonment pursuant to § 3582(c)(1)(A). These provisions are known as the

compassionate release provisions of the federal criminal code and the Federal Sentencing Guidelines.

On December 21, 2018, the First Step Act of 2018 was enacted. Pub. L. 115-391. The First Step Act amended, *inter alia*, § 3582(c)(1)(A) to increase the use and transparency of the compassionate release process. The Act added district court authority to grant compassionate release upon motion of a defendant after the exhaustion of administrative remedies. Effective November 1, 2023, the United States Sentencing Commission amended § 1B1.13, Amendment 814, to respond to the amendments to the First Step Act of 2018, commanding the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." Amendment 814 "expands the list of specified extraordinary and compelling reasons that can warrant sentence reductions; retains the existing 'other reasons' catchall; provides specific guidance with regard to the permissible consideration of changes in the law; and responds to case law that developed after the enactment of the First Step Act." Amendment 814, Reason for the Amendment. As applicable to this defendant, the amendment added as an extraordinary and compelling reason the circumstance where the defendant is the victim of abuse while in custody. U.S.S.G. §1B1.13(b)(4).

> **(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> * * *
>
> > **(4) Victim of Abuse.**--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
> >
> > (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
> >
> > (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

The government does not contest that the defendant has exhausted his administrative remedies and that the defendant qualifies for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) and Guidelines § 1B1.13(b)(4). However, in evaluating a request for compassionate release, the district court is required to consider the factors set forth in section 3553(a), to the extent that they are applicable, and the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

Pursuant to 18 U.S.C. § 3553(a)(1), the district court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The Sentencing Guidelines authorize a reduction in sentence if the district court "determines that . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

Defendant "bears the burden to establish that compassionate release is warranted." United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022). I find that compassionate release is not warranted in this case. I denied defendant's prior motion for compassionate release made during the COVID 19 public health emergency and will repeat what I determined in that case.

> The bottom line, however, in this case is the fact that [Marco Uribe] is a very dangerous individual. He was involved in kidnapping and death threats to people he suspected of having stolen illegal substances from his mobile home. He was involved in pistol whipping and death threats to the people he kidnapped. He was the leader of a drug gang and the primary supplier of the drugs. He would be a very serious risk to the public if he were to be released and this Court is not inclined to take such risks under all the circumstances present. I have considered very carefully the provisions of 18 U.S.C. § 3553. He received a lenient sentence under all

3

> the facts of his case. He most certainly did not receive a sentence that was a disparity to similar criminals. He at no time disclosed to authorities the source of his large drug supplies. As a result, the government made no motion to reduce his sentence for substantial assistance. He did not receive a sentence reduction because he had not earned it. The public needs protection from him, both as to violent acts and distribution of drugs which are almost a death sentence to those addicted. He preyed on Native American people who are already bedeviled by extreme poverty, alcohol abuse, many acts of violence, inadequate housing and health care, and lack of employment opportunities. He is undeserving of any leniency.

United States v. Uribe, D.S.D. 1:12-cr-10015-CBK-1, Doc. 572 (November 3, 2020). Defendant was a danger to the community and nothing filed herein suggests that defendant is no longer a danger to the community.

Based upon the foregoing,

IT IS ORDERED that defendant's motion, Doc. 670, for compassionate release is denied.

DATED this 22nd day of February, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4